IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Robert Carmean, :

        Plaintiff : Civil Action 2:08-cv-00521

v. : Judge Sargus

Michael J. Astrue, Commissioner
of Social Security, : Magistrate Judge Abel

        Defendant
:

**ORDER**

This matter is before the Court on plaintiff Robert Carmean's March 16, 2009 objections to Magistrate Judge Abel's March 6, 2009 Report and Recommendation. The Court, having reviewed the record *de novo*, determines that this case should be remanded.

Carmean argues that the Magistrate Judge improperly failed to accept the opinion of Dr. Michael J. Davis because he was a chiropractor and not a physician. Plaintiff argues that Dr. Davis clearly stated objective findings supporting his opinion and that a chiropractor is an "other source" that may provide evidence showing the severity of one's impairment and ability to work, according to 20 C.F.R. § 404.1513(d). The Magistrate Judge correctly determined that the administrative law judge had considered the opinion of Dr. Davis. Because a chiropractor is not a medical doctor, his

opinion is entitled to less weight than that of a physician, and the administrative law judge did not err in rejecting his opinion. *See* 20 C.F.R. §§ 404.1513(e); 46.913(e)(3).

Carmean also argues that the Magistrate Judge erred in rejecting the assessments of Dr. DiOrio and two examining physical therapists because the assessments were made in 2006, more than a year after plaintiff's insured status expired, and there was no indication that the assessments related back to the time period at issue. Plaintiff contends that the Magistrate Judge's conclusion is based on pure speculation, and the only way to determine whether Dr. DiOrio's related back to December 31, 2004 is to ask him by way of an interrogatory. The Magistrate Judge did not err in finding that Carmean's reliance on medical records from 2006 is misplaced. The Magistrate Judge correctly concluded that these records do not shed any light on whether in fact Carmean was disabled prior to December 31, 2004.

Carmean next asserts that the administrative law judge erred by relying on the opinion of Dr. Strakowski, who examined on behalf of Workers' Compensation, because the examination was limited to the allowed conditions in his claim. Dr. DiOrio, on the other hand, also considered and treated plaintiff for diabetes, coronary artery disease, low back pain, high blood pressure, neck pain, and myofasical pain syndrome. The Magistrate Judge carefully considered the evidence in the record and determined that no tests demonstrated an objective impairment that would require the administrative law judge to accept Dr. DiOrio's 2006 evaluation:

> A January 2000 MRI of the cervical spine revealed degenerative disc
> disease at C6-C7 and C7-T1 without focal protrusion or significant spinal
> or foraminal encroachment. (R. 190.) A February 2000 MRI of the right
> elbow found a low to intermediate grade partial tear of the common
> extensor tendon consistent with lateral epicondylitis. (R. 189.) A July 2001
> EMG of the right upper limb and cervical paraspinals was normal. (R.
> 188.) A September 2003 CT myelogram of the cervical spine found mild,
> multilevel degenerative disc disease without significant canal stenosis or
> neural foraminal encroachment. (R. 375.) A November 2003 CT
> myelogram was normal. (R. 352.)

Doc. 12 at p. 40. The Magistrate judge also noted that with respect to plaintiff's diabetes, high blood pressure, coronary artery disease, no treating doctor concluded that the conditions placed limitations upon the plaintiff.

Carmean also contends that Dr. Madden's testimony concerning his mental residual functional capacity does not constitute substantial evidence supporting the decision because the administrative law judge raised too many questions concerning the medical evidence to render a valid opinion. Instead, Carmean contends that the administrative law judge erred in not accepting the opinion of his treating mental health care providers. As the Magistrate Judge noted, the administrative law judge is tasked to make credibility determinations. Here, the administrative law judge concluded that Dr. Howard's assessment of plaintiff's allegations of disability were convincing. Furthermore, Dr. Madden found Dr. Gregg's conclusions implausible. Dr. Madden testified that if Dr. Gregg's assessment was an accurate portrayal of Carmean's mental impairment, Carmean would not be able to function at the level at which he was presently functioning.

3

Plaintiff further argues that the vocational expert testified that all work activity would be precluded if he had to change his position between sitting and standing every 20 to 29 minutes. The administrative law judge formulated a residual functional capacity assessment which included the limitation that plaintiff could only stand for 20 to 30 minutes at a time before needing a short break. *See* doc. 12 at p. 28. The vocational expert testified, however, that if plaintiff could not maintain a position for anything less than 30 minutes before needing to change positions, work activity would be precluded. (R. 744-45.) The administrative law judge's hypothetical to the vocational expert specifically requested that he consider plaintiff capable of sitting or standing for 30 minutes at a time. *See* R. 741.

Despite that assumption in the administrative law judge's hypothetical to the vocational expert, the administrative law judge assessed plaintiff's residual functional capacity and found that Carmean "could stand or sit for 20-30 minutes at a time before needing a short break." (R. 19 and 25.) The vocational expert's testimony was unequivocal that there were no jobs generally available in the national economy if Carmean's sitting and standing were limited to less than 30 minutes at a time. The administrative law judge's first hypothetical to the vocational expert asked her to assume that Carmean could only sit or stand for 20-30 minutes at a time. (R. 740.) The vocational expert responded, "I used the standard of 30 minutes, being able to assume a

4

position for 30 minutes so . . . ." (R. 741.) The administrative law judge responded by asking the vocational expert to assume at the outset that Carmean could sit and stand for 30 minutes at a time. *Id.*

Plaintiff's counsel asked the vocational expert whether Carmean could perform the jobs he identified in response to the administrative law judge's hypothetical if he was limited to standing and sitting for 20-29 minutes at a time. (R. 744-45.) The vocational expert responded:

> I think you would have to at least be able to assume one of the positions for 30 minutes so you at least have to be able to sit for 30 minutes or if you can't sit, stand for 30 minutes. One of them. They don't all have to be there. That's the standard I use.
>
> . .
>
> So if it gets less than--if they're all less than that I don't think you could work.

(R. 745.) Given the inconsistency between the administrative law judge's hypothetical to the vocational expert and her residual functional capacity finding, the Court concludes that this case must be remanded to the Commissioner for further proceedings.

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court sustains plaintiff's March 16, 2009 objections to the Report and Recommendation (doc. 13) insofar as they relate to the inconsistency between the administrative law judge's hypothetical to the vocational expert and her residual functional capacity finding. Plaintiff's motion for summary judgment is **GRANTED**

insofar as it seeks remand to the Commissioner for further proceedings. Defendant's motion for summary judgment is **DENIED**. This case is hereby's remanded to the Commissioner of Social Security for further proceedings consistent with this Order.

                                                                                                                 9-28-2009

                                                                                                             Edmund A. Sargus, Jr.
                                                                                                             United States District Judge